■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMY GOBLE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting her of assault in the second degree and endangering the welfare of a child, defendant contends that the evidence was insufficient to implicate her in the beating of her newborn daughter and that the court erred in refusing to allow her to be tried separately from her husband. We conclude that the evidence was sufficient to establish defendant's guilt to a moral certainty (see generally, People v Ford, 66 NY2d 428). By her own admission and testimony, defendant was the baby's primary caretaker and the child, born on March 19, was never out of her care prior to April 9. Defendant denied noticing any injury on the 9th following the single brief period during which the child was not in defendant's care. The medical testimony, while establishing that most of the baby's injuries were "fresh", also established that the injuries to the baby's left ribs were at least 10 days old and thus occurred before April 9. The inescapable inference is that the injuries were inflicted while the baby was in defendant's care. That the injuries were deliberately inflicted was established by their number and severity and by the medical testimony ruling out accidental injury. The inference that defendant inflicted the injuries was strengthened by her numerous contradictory explanations, none of which could have accounted for the baby's injuries. Finally, the inference of defendant's guilt is supported by her statements to her mother and a child protection worker, evincing her guilty mind, that she "might as well take the blame" for the baby's injuries and that she couldn't put the blame on codefendant.

The court did not err in denying defendant a separate trial. In moving for a separate trial, defendant claimed that if codefendant testified, the jury would become aware of his prior bad acts, and that if codefendant called her to testify, she would be forced to invoke her Fifth Amendment privilege, thus prejudicing her before the jury. Both of those claims are lacking in merit (see, People v Cruz, 66 NY2d 61, 72-74, revd on other grounds 481 US 186; People v Victory, 33 NY2d 75, 87, cert denied 416 US 905; People v La Belle, 18 NY2d 405, 409-411). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.